IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ROBERT MAYNARD, DX-2206,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　) Civil Action No. 07-55
　　　　　　　　　　　　　　　　　　)
J. BARRY JOHNSON, et al.,　　　　　 )
　　　Respondents.　　　　　　　　　)

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Jeffrey Robert Maynard for a writ of habeas corpus be dismissed and that a certificate of appealability be denied as the petition is time barred.

II. Report:

Jeffrey Robert Maynard, an inmate at the State Correctional Institution at Pine Grove has presented a petition for a writ of habeas corpus.

Maynard is presently serving a 25-50 year sentence imposed following his conviction, by the court, of numerous violations of the Pennsylvania drug control laws at No.4453 of 1996, in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on December 28, 1998.[1] An unsuccessful appeal was taken to the Superior Court and leave to appeal was denied by the Pennsylvania Supreme Court on July 26, 2000.[2]

---

[1] See: Petition at ¶¶ 1-10.

[2] See: Docket of the Court of Common Pleas of Westmoreland County No.4453 of 1996

A post-conviction petition was filed on January 7, 2002 and denied on August 30, 2002.[3] Following remand relief was again denied on September 27, 2004 .[4] On appeal the denial of relief was affirmed on July 25, 2005 and leave to appeal to the Pennsylvania Supreme Court was denied on January 26, 2006.[5]  The instant petition was executed on December 18, 2006.

In the present petition, Maynard states that he is entitled to relief in that the key prosecution witness indicated that she desired to recant her earlier trial testimony.[6]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[3] Id.

[4] Id. at ¶ 12(a)(5).

[5] Id. and petition at ¶¶ 12(b)(5) and 12(c)(5). The petitioner represents that leave to appeal was denied on December 12, 2005, but the records of the Court of Common Pleas demonstrate that leave was denied on January 26, 2006.  We give the petitioner the benefit of the doubt and use the later date here.

[6] See: Petition at ¶13

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on July 26, 2000. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on October 24, 2000 when the time period in which to seek relief from the United States Supreme Court expired. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 7, 2002, or more than a year after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on July 25, 2005, and leave to appeal to the Pennsylvania Supreme Court was denied on January 26, 2006. The instant petition was executed on December 18, 2006 or almost eleven months after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph, 409 F.3d 155 (3d.Cir.2005) cert. denied 126 S.Ct. 1908 (2006).

For this reason, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    Respectfully submitted,

                                                    s/Robert C. Mitchell,

Dated: January 16, 2007                  United States Magistrate Judge