IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ROBERT MAYNARD, DX-2206,  )
                                   )
            v.                     )  Civil Action No. 07-55
                                   )
J. BARRY JOHNSON, et al.,          )
        Respondents.               )

Supplemental Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Jeffrey Robert Maynard for a writ of habeas corpus be dismissed and that a certificate of appealability be denied as the petition is time barred.

II. Report:

Jeffrey Robert Maynard, an inmate at the State Correctional Institution at Pine Grove has presented a petition for a writ of habeas corpus.

Maynard is presently serving a 25-50 year sentence imposed following his conviction, by the court, of numerous violations of the Pennsylvania drug control laws at No.4453 of 1996, in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on December 28, 1998. [1]

On December 29, 1998, an appeal to the Superior Court was filed in which the issues presented were:

---

[1] See: Petition at ¶¶ 1-10.

> I. Whether the trial court erred in failing to suppress the evidence obtained as the result of the search warrant executed at the defendant's residence where the search warrant did not authorize a nighttime search and the search warrant was served on the defendant after 10:00 P.M.?
>
> II. Whether the trial court erred in not excluding from the trial statement made by the defendant after he was arrested on the road outside his residence, where the arrest was not authorized by the search warrant and the arrest was without probable cause?
>
> III. Whether the trial court erred in failing to find that the conduct of the confidential informants constituted entrapment in connection with the sales to the confidential informants?
>
> IV. Whether the trial court erred in failing to find that the conduct of the confidential informant constituted entrapment?
>
> V. Whether the trial court erred in sentencing the defendant to consecutive sentences on counts charged in the criminal information which arose from the same criminal episode?[2]

On December 23, 1999, the Superior Court affirmed the judgment of sentence, and leave to appeal was denied by the Pennsylvania Supreme Court on July 26, 2000.[3] On October 24, 2000, Maynard filed a petition for a writ of certiorari and that writ was denied by the United States Supreme Court on January 8, 2001.[4]

A post-conviction petition was filed on January 7, 2002 and denied on August 30, 2002.[5] An appeal was taken to the Superior Court which Court remanded the matter for the appointment

---

[2] See: Docket No.14-2 at p.4.

[3] See: Petition at ¶¶ 9(d) and 9(g).

[4] We note that at the time the original Report and Recommendation was filed on January 16, 2007, we were unaware of the fact that certiorari had been sought. After the petition was dismissed, Maynard filed documentation demonstrating that he had indeed sought certiorari and that the writ was denied on January 8, 2001. As a result the matter was remanded for further consideration.

[5] See: Petition at ¶¶ 11(a)(3) and 11(a)(8).

of counsel. Following remand relief was again denied on September 27, 2004 .[6] An appeal was taken to the Superior Court in which the issues presented were:

> 1. Whether the court below erred in failing to address the issue of or cite to any law regarding the Constitutional violation claim regarding appellant's request for counsel?
>
> 2. Whether the Court below erred in failing to address the issue of or cite to any law regarding the Constitutional violation claim regarding the voluntariness of appellant's statement to police?
>
> 3. Whether the Court below erred in failing to address the ineffective assistance of counsel claim regarding counsel's failure to conduct a reasonable investigation?[7]

The denial of post-conviction relief was affirmed on July 25, 2005 and leave to appeal to the Pennsylvania Supreme Court was denied on December 28, 2005.[8] The instant petition was executed on December 18, 2006.

In the present petition, Maynard states that he is entitled to relief in that the key prosecution witness, his wife, indicated that she desired to recant her earlier trial testimony and that counsel was ineffective.[9]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[6] Id. at ¶ 12(a)(5).

[7] See: Docket No.16-10 at p.3.

[8] Id. and petition at ¶¶ 11(b)(8) and 11(c)(8).

[9] See: Petition at ¶12

> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on July 26, 2000 and certiorari was denied on January 8, 2001, and his conviction became final on that date. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 7, 2002, or almost a year after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on July 25, 2005, and leave to appeal to the Pennsylvania Supreme Court was denied on December 28, 2005. The instant petition was executed on December 18, 2006 or almost a year after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

It should further be observed that the petitioner argues here that his wife desires to recant her prior trial testimony. In <u>Coleman v .Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in <u>United States v. Bendolph</u>, 409 F.3d 155 (3d.Cir.2005) cert. denied 126 S.Ct. 1908 (2006).

For this reason, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within thirteen days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        s/Robert C. Mitchell,

Dated: November 20, 2007           United States Magistrate Judge